IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

PULSAR PUERTO RICO INC

        Debtor(s)

WILFREDO  SEGARRA MIRANDA

        Plaintiff

RODRIGUEZ INTERNATIONAL
INVESTMENT CORP.; WILFREDO
RODRIGUEZ ACOSTA, d/b/a JOYERIA Y
CASA DE EMPEÑO EL DIAMANTE, a/k/a
RODRIGUEZ  INVESTMENTS; DIAMOND
INTERNATIONAL INVESTMENT, INC.

        Defendant(s)

CASE NO. 08-07557 BKT

CHAPTER 7

ADVERSARY NO. 11-0185

FILED & ENTERED ON 07/24/2012

<u>OPNION AND ORDER</u>

I. Procedural History

On September 12, 2011, Plaintiff Wilfredo Segarra Miranda, chapter 7 trustee, filed a complaint against Defendant, Rodriguez International Investment Corp. (Dkt. No. 1). On March 26, 2012, Plaintiff filed an amended complaint against Defendant and added Wilfredo Rodriguez Acosta, d/b/a Joyeria y Casa de Empeño El Diamante, a/k/a Rodriguez Investments and Diamond International Investment, Inc. as codefendants to recover property for the benefit of the estate (Dkt. No. 30). Codefendant Rodriguez International Investment Corp. ("RIIC") filed its Answer to Amended Complaint on June 20, 2012 and included a counterclaim against Plaintiff (Dkt. No. 48). In opposition to RIIC's counterclaim, Plaintiff filed a Motion to Dismiss Counterclaim on June 25, 2012 (Dkt. No. 50).

II.     Factual Background

Plaintiff, as the appointed Trustee in this case, asserts three causes of action within his Amended Complaint. First, Plaintiff alleges that at all times pertinent to his action, the debtor operated a hotel complex under the trade name Diamond Palace Hotel & Casino (the "Hotel"). The debtor is the registered owner of the parcel of land, together with the buildings, appurtenances and improvements. The Plaintiff claims that the debtor was insolvent at the time that certain transfers of property of the estate were made. That on or within the ninety (90) days, as well as on or within the one (1) year immediately preceding the date of the filing of the petition for relief, debtor transferred money to either "Rodriguez Investments" or "Rodríguez International" which totaled $247,678.43. Plaintiff alleges that such transfers were made by debtor toor for the benefit of either of the Defendants, for or on account of an antecedent debt owed by the debtor before such transfers were made.

Plaintiff's second cause of action states that from on or around April 1999 until on or around October 2008, debtor entered into certain lease agreements with various telecommunication service companies whereby it leased to these entities space located on the rooftop of the Hotel, for the placement and operation of cellular equipment and/or antennas. Plaintiff contends that on or within ninety (90) days, and on or within 1 year immediately preceding the date of filing the petition for relief, debtor, directly or indirectly, transferred money to defendant "Rodriguez International" from the payments that the telecommunications service companies made in connection with the respective leases in an estimated amount of $56,722.80. Plaintiff asserts that such transfers were made by

debtor to or for the benefit of Rodriguez International by instructing the telecommunication service companies to make payment by depositing checks in Defendant's bank account in their name and/ or through other forms of payments.

As for his third cause of action, Plaintiff contends that debtor transferred money from the post-petition payments that the telecommunication service companies made with respect to the leases to either Defendants in the estimated amount of $135,594.30, without authorization of this Court, while debtor was under the protection of the Bankruptcy Code. Therefore, plaintiff claims that Defendants owe the debtor's estate such amount because the money was in payment of a pre-petition debt and in violation of sections 362, 542, 548, 549 and/ or 550 of the Bankruptcy Code.

Consequently, Plaintiff requests this court to enter judgment ordering Defendants to pay the Trustee the above mentioned amounts of money transferred to said Defendants by debtor, because the Defendants received more money through these transfers than they would have received under a chapter 7 case if the transfers had not been made. Plaintiff contends that all transfers of money are void and null and Defendants should be ordered to pay the above mentioned amounts, together with Plaintiff's costs and disbursements in this action, interests and attorney's fees.

Plaintiff prays in the alternative that if either of the Defendants was not a creditor at the time the transfers were made, the transfers made on or within the 2 years immediately preceding the date of the filing of the petition for relief, in the amount aggregating during such

period, were fraudulent, made with actual intent to hinder, delay, or defraud its creditors and/ or without debtor receiving reasonably equivalent value in exchange of such transfers. Therefore, Plaintiff claims that said transfers of money of debtor to either defendants are voidable and recoverable by the trustee under § 547(b), 548, 549 and/or 550.

Defendant RIIC in its Answer to Amended Complaint, denies all allegations set forth in Plaintiff's three causes of actions and assert various affirmative defenses (Dkt. No. 48). Defendant claims that it hasalways acted at all times relevant to this action in good faith, and any payments made to it were made in good faith, with contemporaneous exchange of services and not payment of any antecedent debt. Defendant denies violating any of debtor's or trustee's statutory rights and claims that trustee's allegations are frivolous, temerarious and contumacious. Defendant asserts that debtor had assigned its right to receive payments for the lease agreement to RIIC given that it built an entrance/exit to allow access to customers to the parking lot. Defendant alleges that such entrance was required by the Puerto Rico Government in order for the debtor to operate the Hotel; therefore, all of the actions performed by Defendant were in the ordinary course of business and the trustee is not entitled to any remedy in law.

Finally, Defendant asserted a Counter claim against the trustee and requested this court to enter judgment dismissing the Complaint. The counterclaim consists of four separate claims for relief: (i) Defendant alleges that Plaintiff has acted above and beyond his powers, in an *ultra vires* manner; (ii) payment of any and all assigned contract lease

interest which belongs to RIIC in an estimated amount of at least $500,000.00; (iii) payment of attorney's fees and expenses incurred while having to defend from Plaintiff's claims, in an amount not less than $30,000.00; and (iv)reimbursement of the entire hotel improvements made for the installation of the communication antennas in an amount not less than $300,000.00.

Plaintiff filed a Motion to Dismiss Defendant's Counterclaim (Dkt. No. 50) alleging that Defendant failed to present an actionable legal theory for recovery in accordance with Rule 12 (b)(6) of the Federal Rules of Civil Procedure. As to the first claim, Plaintiff alleges that counterclaimant's allegations are weak and do not give rise to any conclusion that trustee has acted *ultra vires* in filing the adversary complaint. He asserts that the trustee has acted in his capacities as granted under the Code for safeguarding the interest of creditors and liquidating the assets of debtor. Two other claims of relief sought by counterclaimant seek a distribution of funds of the estate in the possession of the trustee. Plaintiff argues that any such distribution of estate property can only take place through the distribution scheme of section 726 of the Bankruptcy Code. Accordingly, such relief cannot be granted in this case. As for the last cause of action, Plaintiff argues that the request for costs and attorney's fees for having to defend itself from the complaint is not a cause of action *per se*, but a remedy incidental to counterclaimant's possible success on the causes of action set forth in its counterclaim. Plaintiff contends that such remedy is premature, and the request ought to be dismissed. Plaintiff requests that the Counterclaim be dismissed summarily, pursuant to Rule 12(b)(6),

because it fails to present actionable claims.

III.    Standard for Dismissal

The Federal Rules of Civil Procedure 12(b)(6) authorizes the defendant to move, before filing a responsive pleading, for dismissal of the complaint. The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail; thus it spares litigants the burdens of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). However, to survive the dismissal of a complaint pursuant to Rule 12(b)(6), the complaint must satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-13 (1st Cir. 2011); See alsoAshcroft v. Iqbal, 556 U.S. 662, 677-681 (2009);and Bells Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Federal Rules of Civil Procedure 8(a)(2) requires only a short and plain statement.  Therefore, detailed factual allegations are not necessary. However, the rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

In resolving a motion to dismiss, a court should employ a two-pronged approach established in Twombly and reaffirmed in Iqbal. First,

that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Iqbal, 556 U.S. at 679(quoting Twombly, 550 U.S. at 555). Second, it should determine whether a complaint states a plausible claim that is context-specific, requiring the reviewing court to draw on its experience and common sense. Twombly,550 U.S. at 556.

Non-conclusory factual allegation in the complaint must be treated as true, even if seemingly incredible. Iqbal,556 U.S. at 681. "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir.2010). However, to evaluate the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense.Iqbal,556 U.S. at 680.Therefore, the court should focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint.

Usually courts are reluctant to approve Rule 12(b)(6) dismissals in light of the well-established rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993); citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, the court does not have to accept as true a legal conclusion couched as a factual allegation. Papasan v.Allain, 478 U.S. 265, 286 (1986). A complaint is

deficient under <u>Rule 8</u> as its pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 <u>U.S. at 678</u> (citing <u>Papasan,</u>478 U.S. at 286). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." <u>Id</u>. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."<u>Id</u>(citing <u>Twombly</u>, 550 U.S. at 557).

   IV.    Discussion & Analysis

 A.   Did the Trustee act above and beyond its powers in an *ultra vires* manner?

   Defendant's counterclaim alleges that "Trustee has acted above and beyond his powers, in an *ultra vires* manner." However, such allegation is deficient under the Federal Rules of Civil Procedure 8(a)(2) because the complaint must satisfy the requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2*)*. The rule requires sufficient factual matter that has to be accepted as true and state a claim for relief that is plausible on its face. <u>Twombly</u>,*550 U.S.* 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u> at 556.

Taking into consideration the two-pronged approach established in *Twombly* and reaffirmed in *Iqbal*: "First, the Court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, it should determine whether a complaint states a plausible claim that is context-specific, requiring the reviewing court to draw on its experience and common sense."*Twombly*,550 U.S. at 556.Defendant fails to survive the two-pronged approach as this allegation does not contain even a threadbare recital of the cause of action's elements.  The full extent of the allegation consists of a mere conclusory statement.  This court cannot draw any reasonable inference that Plaintiff is liable for the misconduct alleged.

Upon Defendant's failure to satisfy the requirements of Fed.R.Civ.P. 8, dismissal of this cause of action is proper, pursuant to Rule 12(b)(6).

B.   The following issues are to be considered together given their similarity:

1. Should this court grant RIIC the payment of any and all assigned contract lease interest that belong to it, as well as grant a reimbursement of all the payments received by the trustee from the telecommunications companies?

2. Should this court grant a reimbursement of the entire hotel improvements made for the installation of the communication antennas?

Plaintiff argues that if Counterclaimant seeks a distribution of funds of the estate in possession of the trustee, distribution under section 726 is proper. Section 726 of the Bankruptcy Code provides that "[e]xcept as provided in section 510 of this title, property of the estate shall be distributed, first, in payment of claims of the kind specified in, and in the order specified in section 507 of this title, proof of which is timely filed under section 501 of this title…" 11 U.S.C. § 726 (a)(1).

In the instant case, Defendant specifies in its counterclaim that debtor had assigned its rights to receive payment for the lease agreement to RIIC given that Defendant built an entrance/exit to allow customers to access the parking lot. RIIC also claims that any and all assigned contract lease interest which belong to said entity have been withheld. Therefore, it requests an estimated amount of $500,000.00 as a reimbursement of all payments made by the telecommunications companies to the trustee. Defendant also claims a reimbursement of at least $300,000.00 for the costs incurred on the installations of communication antennas for hotel improvements. However, the court finds that Defendant's allegations constitute claims against debtor's estate. These claims should be filed and then reviewed for allowance by the trustee. At this time, Counterclaimant's requests for payments and reimbursements are premature and denied.

C. Is the request for payment of attorney's fees and expenses incurred by Defendants in this case a valid or premature claim?

In bankruptcy, the recovery of attorney's fees are allowed one of two

ways. First, attorneys are entitled to reasonable compensation under 11 U.S.C.A. § 330 for actual, necessary services rendered in contemplation of and in connection with a bankruptcy proceeding, including compensation for services related to the preparation and presentation of attorney's fees applications. A reasonable compensation is based on time, nature, extent, and value of such services and the cost of comparable services in non bankruptcy actions. Pursuant to FRBP 2016(a), an attorney or other professional person seeking interim or final compensation for services or reimbursement of necessary expenses from the estate must file an application containing a detailed statement of the services rendered, expenses incurred, and time expended, as well as the requested fees. 3 Attorney Fee Awards § 22:1 (3d ed.). Counterclaimant is not a retained professional of the estate; therefore, this recovery option is not available.

Second, the Federal Rules of Bankruptcy Procedures 7054 states that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bankr. P. 7054.

The Supreme Court has defined the term "prevailing party" as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). As long as the party has prevailed on the merits of some of the claims, then the party will be considered as "prevailing" and awarding of attorney's fees is permissible at the district court's discretion. Id. at 603.In order for a defendant to recover attorney's fees from the plaintiff, the plaintiff's action

must be frivolous, unreasonable, or without foundation. See Hughes v. Rowe, 449 U.S. 5, 14, (1980); see also Santiago-Perez v. State Ins. Fund Corp., 534 F. Supp. 2d 242, 243-44 (D.P.R. 2008).

This court is unable to grant counsel's requested relief at this time as Defendant's request in its counterclaim allegations for payment of attorney's fees and expenses is premature, and may ultimately be moot. Accordingly, Defendant's claim for relief for payment of attorney's fees and expenses is denied.

V. Conclusion

The Counterclaim's first cause of action does not survive Federal Rules of Civil Procedure 12(b)(6) by failing to comply with Rule 8. Accordingly, the first course of action of Defendant's Counterclaim is dismissed. The court finds that Defendant's request for distribution of payment and reimbursement for services rendered to debtor is improper. Therefore, the second and fourth courses of action of Defendant's counter claim are hereby dismissed. Finally, the court finds that Defendant's request for payment of attorney's fees and expenses is premature. In light of the above, this court GRANTS Plaintiff's Motion for Dismissal of Counterclaim. Defendant's Counterclaim is hereby dismissed.

SO ORDERED.

San Juan, Puerto Rico, this 24 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge